TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00670-CR






Jonathan R. Spurkosky, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 646,148, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Appellant Jonathan R. Spurkosky was convicted in a municipal court of record for
failing to maintain financial responsibility and fined $236. See Tex. Transp. Code Ann. § 601.191
(West 1999). The conviction was affirmed by the county court at law. See Tex. Gov't Code Ann.
§ 30.00014 (West 2004). Appellant perfected a further appeal to this court. See id. § 30.00027.

Appellant contends in two points of error that the evidence is legally and factually
insufficient to sustain his conviction. Austin Police Officer David Ortiz testified that he stopped
appellant for driving on the left side of a divided highway. The officer said that he "asked him for
his proof of financial responsibility which he could not produce at that time." During his own
testimony, appellant acknowledged that he did not present proof of insurance or any type of financial
responsibility to anyone. See Tex. Transp. Code Ann. § 601.193 (West Supp. 2004). We agree with
the county court at law that this evidence is legally and factually sufficient to sustain the conviction
for failing to maintain financial responsibility. See Jackson v. Virginia, 443 U.S. 307, 324 (1979)
(test for legal sufficiency); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same);
Zuniga v. State, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21,
2004) (test for factual sufficiency).

Appellant devotes most of his appellate brief to a discussion of Officer Ortiz's
authority to stop him. It is appellant's argument that if the stop was unlawful, any evidence obtained
by the officer was inadmissible. All evidence, however, including evidence erroneously admitted,
is considered in determining the sufficiency of the evidence. Camarillo v. State, 82 S.W.3d 529, 537
(Tex. App.--Austin 2002, no pet.).

Finding the evidence to be legally and factually sufficient to sustain the municipal
court conviction, we overrule the points of error and affirm the judgment of the county court at law.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: July 29, 2004

Do Not Publish